PER CURIAM.
David Mitchell (“Mitchell”), individually and as the personal representative of the Estate of Ruedean Mitchell, and also on behalf of a number of named individuals who are survivors of the deceased, appeals from a final judgment entered pursuant to a jury verdict in favor of Dr. Garcia, Dr. Castillo, and CAC-Ramsay Health Care Plans (“CAC”) in a wrongful death medical malpractice action. For the following reasons, we reverse.
*931 Mitchell alleged that Ruedean suffered a fatal cardiac arrest because Dr. Garcia, Dr. Castillo, and CAC breached their duty of care by failing to diagnose and treat Ruedean Mitchell’s unstable angina. During voir dire, counsel for the plaintiffs, who are African-American, attempted to exercise a peremptory strike against Pedro Gutierrez, a prospective Hispanic juror. On voir dire, Mr. Gutierrez stated that he was a current member of defendant CAC, and was an electrical engineering student. The defense objected to the peremptory strike, arguing that “[Ijt’s being done to get the second black juror on the panel, and Mr. Gutierrez is Hispanic.” Plaintiffs counsel responded with the explanation that Mr. Gutierrez was a current CAC member and had been to two CAC clinics. Counsel added that from the standpoint of determining damages, the plaintiffs did not want an engineering student on the jury, because engineers were “numbers-type” people. The trial court disallowed the peremptory challenge.
Plaintiffs counsel then sought to exercise a peremptory challenge against Barbara Martinez, who had been a hospital employee and whose relative was a physician. Defendants again objected to the challenge on the basis that plaintiffs were systematically seeking to exclude all Hispanic venire members in an attempt to seat African-American jurors. The trial court disallowed the peremptory challenge to Ms. Martinez.
Plaintiffs exercised another peremptory challenge against Marta Lopez, who was currently working as a cake decorator but had been married to a neurologist. Once again, defendant’s counsel objected on the basis that the attempted strike was racially motivated; the court disallowed the challenge.
Mr. Gutierrez, Ms. Lopez, and Ms. Martinez were all seated on the jury. At the close of jury selection, plaintiffs’ counsel ae-eepted the jury subject to the prior objections.
The jury found Ruedean 34% negligent[1], and found two other doctors not involved in this appeal each to be 33% negligent. The jury found that there was no negligence on the part of Dr. Garcia, Dr. Castillo, or CAC. The trial court denied Mitchell’s Motion for New Trial pertaining to the CAC defendants.
The trial court erred in denying the plaintiffs’ peremptory challenges of jurors Gutierrez, Lopez, and Martinez. The explanations of the challenges were race and ethnic-neutral and were not merely pretextual. The reasons for the challenges were neither “disingenuous,” nor “implausible,” nor “fantastic.” Dean v. State, 703 So.2d 1180, 1182 (Fla. 3d DCA 1997). In fact, the trial court did not even reach the level of inquiry required to determine the genuineness of the explanations; the court merely declared that the explanations were not ethnic-neutral. See id. at 1182.[2]
Accordingly, we reverse and remand for a new trial.

. On remand, the jury should not be instructed on the comparative negligence defense that decedent was a smoker, unless there is evidence presented that the decedent's behavior in the course of the treatment that led to her death bore a causal connection to that death. See Matthews v. Williford, 318 So.2d 480 (Fla. 2d DCA 1975).

. As to juror Gutierrez, who belonged to CAC and had been treated at two of its clinics, a strike for cause could even have been sustained. See Tizon v. Royal Caribbean Cruise Line, 645 So.2d 504 (Fla. 3d DCA 1994).